Kirkpatrick C. J.
The material part of the state of demand, filed in this cause, is this: viz.
That the defendant did stop and prevent James F. Dumont, a, constable, from arresting by warrant, Joseph Fisher, who had in his possession, a horse belonging to the said plaintiff, which he, the said Joseph Fisher, had unlawfully taken from the inn of Matthias Oramer, after having swapt with the plaintiff; and received also, 27 dollars boot, in cash and due bills for the same ; and said Kline, defendant, did assist the said Fisher, in making his escape with said horse, from the stable of Jacob Kline, esq. of Tewksbury, and prevented the constable from doing his duty, to my damage 100 dollars.
This state of demand is too uncertain. What sort of a warrant this was, whether in a civil or criminal case, when, by whom, and for what issued, what interest the plaintiff had in it, and how he was injured by its not being served, is not set forth.
The effect of this uncertainty too, is clearly seen by the subsequent proceedings; for the counsel for the defendant, whose discernment and accuracy is inferior to none of his standing at the bar, actually comes in and pleads for a nonsuit, upon the ground, that the conduct charged upon the defendant in the state of demand, is not of a civil, but of a criminal nature, and therefore is not the subject matter of trial before a justice. And even upon the trial, the warrant is not produced, so that the defendant is left to guess at the real state of demand, till the last.
The formalities of pleading, it is true, are dispensed *160 with in these courts, but there must be certainty to a J cofiimon intent. *There must be so much certainty, at least, as that the defendant shall not be cheated out of his defence, by guessing wrong, when he guesses at the meaning of the complaint.
Let judgment, therefore be reversed.